UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
x----------------------------------------------------------x

SAMUEL DE ASIS

Plaintiff,

-against-

THE NEW YORK CITY POLICE DEPARTMENT,
THE THE NEW YORK CITY DEPARTMENT
OF FINANCE, NEW YORK CITY PARKING
VIOLATIONS BUREAU, and MAUREEN BROWN,
"JOHN DOE 1" and "JOHN DOE 2" both in their
individual capacities  and  as employees of the New
York City Police Department, Traffic Enforcement
Bureau, and THE CITY OF NEW YORK

Defcndants.

x----------------------------------------------------------x



07    3904

IRIZARRY, J.

COMPLAINT

Plaintiff Demands Trial By Jury

BLOOM, M.J.

RECEIVED

SEP 1 8 2007

PRO SE OFFICE

Plaintiff Samuel De Asis, appearing *pro se* for his Complaint alleges as follows:

## PRELIMINARY STATEMENT

1.  This is an action for monetary damages  (compensatory and punitive ) against the

    City of New York, the New York City Police Department (hereinafter "NYPD"),

    the New York City Parking Violations Bureau, the New York City Department of

    Finance, Maureen Brown , John Doe#1, and John Doe#2 in their individual

    capacities and as Traffic Enforcement Officers (TEOs) employed by the New

    York City Police Department,  for violations of Plaintiff's civil and constitutional

    rights  through Defendants'  systematic, indiscriminate and unlawful issuance of

    three false or bogus  Parking Violations Summons or "tickets" against the

    Plaintiff even when no valid grounds exist to justify such issuance of parking

violations tickets thereby causing the Plaintiff to suffer damages, anxiety, inconvenience, and to spend time and money in defending or having these three tickets dismissed. The indiscriminate ticketing or issuance of invalid parking violations summonses or tickets by TEOs resulted because of the failure of the NYPD and the municipal defendants to properly train their employees and also to further an unlawful grand scheme or conspiracy of the City of New York of "extorting money " from unsuspecting motorists like the Plaintiff cleverly disguised as regulation through the collusion and conspiracy between the NYPD as enforcer of traffic laws and the Department of Finance in its dual capacity as both adjudicator of trafffic violation cases and collector of traffic violation fines or penalties. Because of this scheme, parking violators are being intimidated or forced into paying fines even when the summons are issued without justification or legal basis because there is no meaningful system in place that truly protects the interest of motorists or a meaningful appeal to an independent, unbiased review body or agency in violation of the procedural due process or due process clause of the both the U.S. Constitution and New York State Constitutions. Additionally, the law requires that if respondents wishes to appeal, he must first pay the amount and when the case is terminated in respondents favor, the City/Department of Finance must reimburse back the amount paid by respondents. In the case of Plaintiff, he successfully defended through appeal in one or two of the summonses but did not receive back any amount from the City as reimbursement.

- 2 -

## JURISDICTION

2.  This action is brought pursuant to 28 U.S.C. Sections 1331, 42 U.S.C. Sections 1983, 1981 and 1985, 1986, the Fourth, Fifth , Eight, and Fourteenth Amendments to the U.S. Constitution, the New York State Constitution and under the common law of the State of New York.

3.  The amount of the controversy exceeds $75,000.00 excluding interest and costs.

4.  This Court has jurisdiction of the state law claims pursuant to 28 U.S.C. Section 1367 (a).

5.  Venue is laid within the United States District Court for the Eastern District of New York in that the Plaintiff resides within that District, and the events giving rise to the claim took place in that District.

## PARTIES

6.  Plaintiff is a citizen of the State of New York and at all times relevant hereto resided in the City of New York and State of New York.

7.  Defendant City of New York was at all times relevant hereto a municipal corporation, and a subdivision of the State of New York, organized and existing pursuant to the Constitution and laws of the State of New York.

8.  The New York City Police Department (NYPD) was  at all times relevant hereto subdivision  of the City of New York.

9.  Defendant Department of Finance was at all times relevant hereto is a subdivision of the City of New York and  the Parking Violations Bureau is and agency attached to the Department of Finance.

- 3 -

10. Defendant Maureen James was at all times relevant hereto an employee, agent and/or servant of the NYPD or the City of New York.

11. Defendant John Doe#1 was at all times relevant hereto an employee, agent and/or servant of the NYPD or the City of New York.

12. Defendant John Doe#2 was at all times relevant hereto and employee, agent and/or servant of the NYPD or the City of New York.

13. At all times mentioned herein, Defendants were acting under color of state law, to wit: under color of statutes, regulations, policies, customs and usages of the City of New York and State of New York.

## NOTICE OF CLAIMS

14. Plaintiff filed a timely notice of claim (Claim# 2007PD000011) against the City in compliance with General Municipal Law Section 50.

15. The City disallowed the claim. Copy of Claim and disallowance is hereto attached as Exhibit A.

## FACTUAL ALLEGATIONS

16. Paragraphs 1 through 15 are incorpporated herein by reference.

17. In February 26, 1999 Defendant John Doe#1 issued Traffic Citation Summons # 3288554-3 (Queens County) against Plaintiff for allegedly blocking a "driveway" when the truth and in fact, that driveway does not exist at all and the Summons dismissed. This officer did not write legibly his/her name and Tax ID Number probably on purpose in order to avoid being easily identified or to make it hard for Plaintiff to file a complaint against this officer. As a result, Plaintiff

did not able to file a complaint at all. This Summons was dismissed but only after the Plaintiff spent time, money, efforts and energy and suffered from stress and anxiety in defending a bogus or illegally issued summons.

18. In August 20, 1999, Defendant TEO John Doe#2 issued Traffic Citation /Notice of Violation #337380597-1 (Queens County) against Plaintiff for allegedly parking on school premises (Susan B. Anthony School) during "School Days". This TEO also did not write legibly write his/her name and Tax ID Number probably on the same reason or motivation as in Par.#17. This Summon was also dismissed because August was obviously not a "school days" inasmuch as it was summer vacation and there were no posted signs in the vicinity that parking is prohibited for the day due to an special occasion or event. Plaintiff spent time, money, efforts and energy and suffered from stress and the anxiety associated in defending another bogus or illegally issued summons for the second time.

19. In June 20, 2006 Defendant TEO Maureen James issued Summons# 748770005-7 (Queens County) against Plaintiff allegedly because the car does not have an "inspection sticker". The allegation was false because there was a valid, unexpired inspection sticker attached by the dealership inasmuch as the car was bought brandnew. This Summons was also dismissed but only after Plaintiff again spent time, money, efforts, energy and suffered from stress and anxiety associated with defending another bogus or illegally issued summons for the third time.

20. While Plaintiff was contesting this illegally issued Summons, Plaintiff received a letter from the Adjudication Division of the Department of Finance

acknowledging receipt of Plaintiff's request for a hearing by mail and an offer

that Plaintiff pay a reduced amount from $65.00 to $43.00, a savings of at least

$22.00. It expressly and categorically states that if Plaintiff pays the reduced

amount, "a judge will not review your case". This scheme is actually an

"intimidation" worded nicely designed to force traffic violation respondents such

as the Plaintiff to pay the penalty even when the summons were issued illegally.

Stated otherwise, it means that if Plaintiff chooses not to pay the reduced price, a

Judge, who is actually an employee of the Department of Finance "will review

the case" implying that Plaintiff have no chance of winning his case. It is a

known fact that the Hearing Officers at the Parking Violations Bureau and the

Administrative Judges at the Parking Violation Appeal Bureau are actually

employees of the Department of Finance which is the adjudicator and at the same

time the collector of traffic violations penalties. Thus, a person who can afford to

pay and have no time to contest the Summons will just pay the reduced amount

even if that Summons was issued falsely and illegally.

21. At present there exist a grand conspiracy between the NYPD and the Department

of Finance designed to force respondents of traffic violations to pay the penalties

even if the summons were issued illegally by these agencies' playing "bad cop-

good cop" akin to extract "confession". The NYPD which is the enforcer of

traffic regulations issues indiscriminately traffic summons even if no ground

exist (bad cop) and the Department of Finance (adjudicator and collector) offering

a discounted rate (good cop). Respondents who are found guilty have no

meaningful avenue for appeal no matter how incredible the decision was because

- 6 -

under the present system, the only remedy for the respondent is by filing an Article 78 proceedings in the New York State Supreme Court which is costly. At present, an index number purchase for Art. 78 proceedings is already around $210.00 not to mention attorney's and process server's fee and costs. Thus, it does not make sense to contest a $65.00 summons via Article 78. The City of New York through NYPD and the Department of Finance take advantage of this flaw in the legal system to the detriment of the motoring public like the Plaintiff in violation of both the substantive and the due procees clause of the New York State and the United States Constitutions. Recently, a man in New York City successfully defended his $65.00 parking ticket but only after he spent around $8,000.00.

## FIRST CAUSE OF ACTION
## (ABUSE OF PROCESS & 42 U.S.C. 1983 VIOLATIONS, AND COMMON LAW MALICIOUS PROSECUTION)

22. Paragraphs 1 through 19 are incorporated herein by reference.

23. Defendants TEOs John Doe#1, John Doe#2 and Maureen James with approval by Defendant NYPD and City of New York acted with malice in issuing traffic violation summons or citations to Plaintiff even if they know that no valid ground exist for its issuance. These acts of the Defendants constitute abuse of process and common law malicious prosecution.

24. Defendants were acting under color of sate law.

25. Plaintiff was damaged by defendant's violation of his rights pursuant to 42 U.S.C. Section 1983 in the amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (42 U.S.C. Section 1986 VIOLATIONS)

26. Paragraphs 1 through 23 are incorporated herein by reference.

27. Defendants NYPD and the City of New York have the power to prevent harm to Plaintiff.

28. Said Defendants knew or should have known of the propensity of the Traffic Enforcement Officers of issuing bogus or illegal summons.

29. Said Defendants were negligent in failing to prevent harm from being inflicted upon Plaintiff.

30. As a result of Defendants' conduct, Plaintiff suffered harm.

31. Said Defendants' conduct was the direct and proximate cause of plaintiff's harm.

Plaintiff was damaged in amount to be determined at time of trial.

## THIRD CAUSE OF ACTION
### (42 U.S.C. Section 1983- MONELL CLAIMS)

32. Paragraphs 1 through 30 are incoprporated herein by reference.

33. The City developed and maintained policies and customs exhibiting deliberate indifference to the constitutional rights of its citizens which caused the violations of Plaintiff's rights.

- 8 -

34. It was and still the policy of the City and the NYPD to impose a number of summons or quota also known as "expectation" or "productivity goals" that each officer have to met or issue in a given period. Achieving the quota, expectation or productivity goals are greatly considered in the evaluation of an officer's performance. Those who consistently achieve the quota are generally percieve to be better performers and receive better evaluation.

35. It is believed that because of this policy, police officers and traffic enforcement officers in order to met the required quota are forced to issue citations or summons even when there is no ground at all because anyway, the officers are not being punished even if he/she literally issues hundreds bogus summonses in a given period. It should be noted that the three (3) false summonses issued to Plaintiff were made on the 26th, 20th and 20th day of the month respectively. The pattern implies that these officers are trying to beat the deadline which is the end of the month.

36. As a direct result of the City's practice, customs and policies and deliberate indiference, the Defendants violated Plaintiff's constitutional rights and suffered damages to be determined at time of trial.

## FOURTH CAUSE OF ACTION
### (CONSPIRACY – 42 U.S.C. Sec. 1983, Sec. 1981 & Sec. 1985 VIOLATIONS)

37. Paragraphs 1 through 36 are incorporated herein by reference.

38. Defendants deprived Plaintiff of his civil, constitutional, statutory and common law rights and have conspired to deprive him of such rights

- 9 -

and are liable to Plaintiff under 42 U.S.C. Sec. 1983 and Sec. 1985

and the New York State Constitution.

39. Defendants were acting under color of state law.

40. Plaintiff was damaged by Defendants' conspiracy to deprive him of his rights pursuant to the U.S. and New York State Constitutions and 42 U.S.C. Sec. 1983 in the amount to be determined at trial.

## FIFTH CAUSE OF ACTION
## (MUNICIPAL LIABILITY- 42 U.S.C. Section 1983 & 14th AMENDMENT VIOLATIONS)

41. Paragraphs 1 through 40 are incorporated herein by reference.

42. Defendants City of New York and/or NYPD had a policy, custom or practice under which it seized property from its citizenry without proper pre-deprivation remedies and /or without constitutionaly sufficient post-deprivation remedies.

43. These policies, customs or practices were intentional policies of Defendants.

44. As a result of this policy, custom or practice, Plaintiff suffered harm.

45. As a result of said conduct by Defendants, Plaintiff has been denied due process and equal protection of the laws pursuant to the 5th & 14th Amendments of the U.S. Constitution, 42 U.S.C. Sec. 1983 and the New York State Constitution and suffered damage in the amount to be determined at trial.

## SIXTH CAUSE OF ACTION
## (INTENTIONAL ILLEGAL WITHHOLDING OF MONEY DUE TO PLAINTIFF)

46. Paragraphs 1 through 45 are incorporated herein by reference.

47. Defendants City of New York and the Department of Finance have a policy, custom or practice of witholding the money that suppose to be reimbursed back to summons respondents when the appeal is decided in the respondents' favor and is paid in advance as a pre-requisite to filing an appeal.

48. To the best of Plaintiff's knowledge and belief, he appealed successfully either one or two of the three summonses and paid the corresponding amount but never receive back any reimbursement from the City. Further, to the best of Plaintiff's knowledge and belief, there are others who similarly did not receive their money back.

49. These policy of the Defendants was intentional and as a result Plaintiff suffered harm in an amount to be determined during trial.

**WHEREFORE**, Plaintiff demands judgment against the Defendants, jointly and severally, as follows:

a. Awarding Plaintiff monetary damages on each of Plaintiff's cause of action the amount of which to be determined during trial;

b. Awarding Plaintiff punitive damages in the amount of One Million ($1,000,000.00) Dollars;

- 11 -

c.   Awarding Plaintiff reasonable attorneys fee, costs and disbursements of

this action; and

d.   Granting such other and further relief as this court deems proper.

Dated: Queens, New York, September _18_, 2007.

Samuel De Asis, *Pro Se*
224-02 92nd Avenue
Queens Village, NY 11428
Tel. 718-479-9468

SUBSCRIBED AND SWORN to
Before me this _18_ day of September 2007.

NOTARY PUBLIC

GERONIMO C. ALBANO, ESQ.
Notary Public, State of New York
No. 41-4984218
Qualified in Queens County
Commission Expires March 29, 2008

- 12 -

**THE CITY OF NEW YORK OFFICE OF THE COMPTROLLER**
1 CENTRE STREET, NEW YORK, N.Y. 10007-2341

### WILLIAM C. THOMPSON, JR.
COMPTROLLER

015-157

Date: 4/20/2007
RE: Disallowance – Agency
SAMUEL DEASIS
Claim number: 2007PD000011
Agency: DEPARTMENT OF FINANCE

SAMUEL DEASIS
224-02 92 AV
QUEENS VILLAGE, NY 11428

     We regret to inform you that your claim has been disallowed.
Our investigation, which was based on information furnished by the above
city agency as well as other investigative sources, concluded that the
incident was not due to the City's negligence.


     If you wish to pursue your claim against the City, you may
bring a lawsuit against the City if it is started within one year and
ninety days from the date of occurrence.

     Thank you.

                              Very truly yours,


                              _____
                              Bureau of Law & Adjustment


PROPERTY DAMAGE DIVISION
(212) 669-8750

In the Matter of the Claim of

**SAMUEL DE ASIS**

-against-

THE NEW YORK CITY POLICE DEPARTMENT; THE DEPARTMENT OF FINANCE OF
THE CITY OF NEW YORK; and THE CITY OF NEW YORK.

**To:** *The Comptroller of the City of New York; the Commissioner of New York City
Department of Finance; the Commissioner of the New York City Police Department and,
The City of New York.*

    **PLEASE TAKE NOTICE** *that the undersigned Claimant hereby makes claim and
demands against the New York City Police Department , the Department of Finance of the
City of New York, and City of New York the as follows:*

   1.  **The name and post office address of the claimant is:**

      Claimant:    SAMUEL DE ASIS
                224-02 92ND AVENUE
                QUEENS VILLAGE, NY 11428

   2.  **The nature of the claim is:**

     For economic, personal anxiety and inconvenience, psychological and moral
damages or injuries that Claimant's incurred, suffered, or endured in having to
defend three false-ground or bogus traffic/parking violations summonses issued
by the New York City Police Department's ("NYPD") through its Traffic
Enforcement Officers (TEOs) due to the failure on the part of the City or NYPD
to properly train or supervise the TEOs in the discharge of their duties and that
failure leads to acts of abuse of authority and discretion, negligence, deliberate
carelessness, recklessness of above employees or agents by unlawfully or
indiscriminately issuing three traffic citation tickets or parking violation tickets
or summons to the Claimant even if no valid ground/s exist.

     That these illegal acts of the overzealous traffic officers are the direct result of
the NYPD's maintaining a policy of *"quota system"* also known as "*expectation"*
or *"productivity goals"* that each officer has to met in order to maintain a good
evaluation, etc; These illegal acts of the TEOs of indiscriminately issuing
Summons even without valid grounds are therefore being authorized, tolerated,
encouraged or sanctioned by the NYPD.

     That at present, there exist a *"bad-cop, good cop scheme"* (a technique being
used by some cops during interrogation to extract confession) between the

NYPD as the *enforcer of traffic laws* and Department of Finance as *enforcer for the collection* of money-penalty designed to force respondents pay the fine even if the summons were issued illegally. The scheme operates this way: The NYPD issues tickets *indiscriminately* even if no ground exist (bad cop) and the Department of Finance in turn offers respondents *discounts* (good cop) on condition that respondents will not question the summons. *(please see # 3-c below for more details)* Thus, a very busy respondent who can afford to pay and have no time or does not want to undergo the tedious and time consuming process of contesting the validity of the summons will just pay the discounted amount even if the summons was issued illegally. This practice is equivalent to "extortion" disguised as regulation and should be stopped because it not only emboldens but also encourages the TEOs to be more aggressive in issuing summons even if no valid ground exist at all because the more ticket they issue the more it will project themselves as efficient enforcers inasmuch as they are not being penalized anyway for issuing false summonses. The city in turn impliedly or tacitly tolerates or encourages this practice for revenue or fiscal purposes to the detriment of the unsuspecting motoring public.

If a policeman falsely arrests a person or issues a Desk Appearance Ticket (DAT) or Citation for violation or infractions of City laws or ordinances and the arrestee or violator is acquitted or the DAT or Citations are dismissed, the respondent-violators can file false arrest charges against the officer or the City but a Traffic Enforcement Officer who falsely issues summonses (even hundreds so to speak) are not disciplined and is just literally laughing at you and happy that he met his "quota" at your expense. Again, this is not governance but extortion disguised as regulation.

The three false parking violation summonses issued to Claimant were all dismissed but only after claimant suffered great stress, psychological anxiety and spending time, money and energy in fighting that these summonses be dismissed. Copies of the Summonses and Dispositions are hereto attached as Claimant's exhibits.

These acts of issuing traffic citations of summons against claimant for no grounds or reason at all violated Claimant's due process, equal protection, civil rights and constitutional rights under both the United States and the New York State Constitutions.

3. **The time when, the place where and the manner in which the claim arose:**

a) In February 26, 1999 Claimant found Citation Ticket or Summons No. 328588554-3 issued in Queens County stuffed to his car's windshield because it allegedly blocked a "driveway" when the truth and in fact that "driveway" does not exist at all. The issuing officer being aware that such ground does not exist and in order to avoid being identified did not write legibly his/her name and tax ID# on purpose. Claimant then intended to file a complaint against this officer

- 2 -

but after realizing the time and effort that he will spend identifying this officer just decided not to pursue it. Claimant pleaded not guilty but an old Administrative Judge who handled the case and can't read anymore even with visual aids found the claimant "guilty" despite the clear evidence to the contrary such as the pictures of the premises disputing the existence of such a driveway in the spot in question. Claimant paid the fine and appealed the Administrative Judge's decision and the summons dismissed after spending time, money, effort and suffering great anxiety and stress. To add insult to the injury it looks like from his records, Claimant did not receive back the reimbursement for the fee he paid after it was dismissed. (Copy of Summons and Disposition are hereto attached as Claimant's Exhibit A-1 & Exhibit A-2 respectively)

b) In August 20, 1999 Claimant was issued Parking Summons # 337380597-1 (Queens County) for allegedly parking his car on school premises during "School Days". It was dismissed because August is summer, the schools are closed and there were no special sign/s that parking was prohibited due to some urgent repairs, occasions, etc. The officer also did not legibly write his/her name or Tax ID# and Claimant did not able to file a complaint. (Copy of the Summon and Disposition is hereto attached as Exhibit B-1 and B-2 respectively)

c) In June 20, 2006, Claimant was again issued a Parking/Traffic Violation Summons 748770005-7 (Queens County) allegedly because his car do not have an "inspection sticker" when the truth and in fact there was an existing and unexpired inspection sticker placed in the appropriate section of the windshield. Due to carelessness or whatever motives, the officer may have failed to noticed it because the car was *"brand new"* and the inspection sticker which was issued by the dealership is *"pretty small"* compared with the regular ones issued by the auto repair shops or inspection stations or maybe she thinks that since it's brand new, the owner can afford and will not mind paying. This Summons was also dismissed on a Decision and Order dated 8/31/06 but only after Claimant spent great effort, energy, money and anxiety again in contesting and having it dismissed. (Copy of the Summons and Decision is hereto attached as Exhibit C-1 & C-2).

At this time, the TEOs are already using a computerized gadgets and the name of the officer who was actually assigned to Pct. 103 and not to Pct. 105 (where the car was parked) was clearly printed. Claimant filed a complaint against this officer and the matter is now pending with the CCRB.

In the meantime that Claimant was contesting this Summons, he received a letter from the Adjudication Division of the Department of Finance alleging that they received Claimant's request for a hearing by mail and that if he pay the reduced amount (from $65.00 to $43.00) *"a judge will not review your case"*. actually "intimidation" worded nicely.

This NYPD's practice of indiscriminately issuing illegal summons in concert or tandem with the Department of Finance's sending this type of letter is equivalent to a scheme of intimidation designed to force respondents to pay even if the summons was issued illegally as in the Claimant's case otherwise, respondents face the prospect that *"a judge will review your case"* and pay $65.00 instead of $43.00. It is a known fact that the Administrative Judge is an "employee" of the "collector" Department of Finance impliedly suggesting that if the respondent decides not to pay the discounted amount and proceed with the hearing he/she will lose the case. Thus, an ordinary person receiving this type of letter will just pay the reduced amount rather than his case "be reviewed" by a judge who is in the employ of the collector. (A copy of the letter is attached hereto as Exhibit "D".

"ENOUGH IS ENOUGH ALREADY!!! WHEN IT HAPPENED ONCE IT MAYBE AN "HONEST MISTAKE". IF TWICE, IT MAYBE A "DELIBERATE MISTAKE". BUT IF IT'S ALREADY THRICE AS IN THIS CASE, IT'S ALREADY AN ILLEGAL "PRACTICE OR POLICY" AND SHOULD BE STOPPED. I'M SURE MANY PEOPLE OUT THERE ARE IN MY SITUATION."

4.  **The items of damage or injuries claimed are (including dollar amounts):**

    **Total Amount Claimed:**

    **Two Hundred Fifty Thousand ($250,000.00) Dollars**

*The undersigned claimant therefore present this claim for adjustment and payment. You are hereby notified that unless it is adjusted and paid within the time provided by law from the date of presentation to you, the claimant intends to commence an action on this claim.*

Dated: November 27 2006

_____

**SAMUEL DE ASIS**

*Subscribed and Sworn to before me*
this 27 th day of November 2006.

_____

NOTARY PUBLIC

JUDE TADEO PALCES, ESQ.
Notary Public, State of New York
No.02-PA5085772
Qualified in Nassau County
Commission Expires Sept. 16, 20 10

- 4 -

**EXHIBIT A-1**

City of New York
Rev. 1/96
## Notice of Violation

Name of operator, if present
Last Name | First Name | Initial

Permit Displayed: No □ Yes □
Type

**OWNER OF THE VEHICLE BEARING LICENSE**

| G | 9 | 5 | 6 | 4 | B | | | | CD | | 5 | 1 | 89 | N/A |

NY CT PA NJ MA FL Other
PAS SRF COM Other

SEDAN VAN SUBN DELV Other
COLOR YR of Veh
Wht 87

**THE OPERATOR AND OWNER OF THE ABOVE VEHICLE ARE CHARGED AS FOLLOWS:**

AM Time PM 1137 | Date of Offense 2/26/00 | Time 1st Obsrv'd | Date 1st Obsrv'd | County 0

Front of | Place of Occurrence 182-06   80 Ave | Opposite | Pct 703

| Code | Fine All Other Areas / B. St. | | In Violation of Sect. 4-08 (subsect. below) of NYC Traffic Rules | Sign Restriction/ Other Information |
|---|---|---|---|---|
| 14 | □$55 | □$55 | No Standing (C) | Days In Effect ("ALL", unless otherwise stated) ALL |
| 16 | □$55 | □$55 | No Standing except trucks (C2) | |
| 17 | □$55 | □$55 | No Standing except Auth. Vehicles (C4) | Hours In Effect ("ALL", unless otherwise stated) |
| 19 | □$55 | □$55 | No Standing Bus Stop (C3) | Fr: □AM □PM |
| 20 | □$50 | □$55 | No Parking (D) | To: □AM □PM |
| 21 | □$35 | □$55 | No Parking, SCR (D1) | Other Description/Rider |
| 24 | □$50 | □$55 | No Parking except Auth. Vehicles (D5) | |
| 34 | □$25 | □$55 | Expired Meter (H2) | Meter Operational □Yes □No |
| | | | Meter # | |
| 37 | □$25 | □$55 | Overtime Parking Muni-Meter (I3) | Time Limit Hr(s) |
| 38 | □$25 | □$ | Sub # In't 2 Block Drive | |
| 40 | □$55 | □$58 | Fire Hydrant (E2) | Feet From: |
| 46 | □$55 | □$55 | Double Parking (F1) | |
| 50 | □$55 | □$55 | Crosswalk (E6) | |
| 51 | □$55 | □$55 | Sidewalk (E5) | |
| 70 | □$55 | □$55 | Registration Sticker (I3) | □Missing |
| 71 | □$55 | □$55 | Inspection Sticker | □Expired ___ □Stkr # ___ |
| 74 | □$55 | □$55 | Missing/Improperly Displayed Plate (I2) | |

**SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

Rank/Signature of Complainant

Complainant's Name (printed) TMa5C | Tax Registry No. 69128621 | Command 112

**SERVICE COPY**

© COPYRIGHT 1996, THE CITY OF NEW YORK

PAC 055038



**New York City**
**Department of Finance**
**Parking Violations Decision**

HELP CTR/ROOM:

DATE:

TIME:

APPEARANCE BY: _Sanuel Denis_

STATE: _NY_

LICENSE PLATE: _B95 6413_

☒ REGISTRANT    ☐ OPERATOR    ☐ REPRESENTATIVE

| SUMMONS NUMBER | | | | | | | | DETERMINATION (CHECK ONE) | | | | CODE | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 3 | 2 | 8 | 5 | 8 | 5 | 5 | 4 | 3 | NOT GUILTY (1) | GUILTY (3) | GUILTY W/REDUCTION (5) | ADJOURNED | 50T 0 | — |
| 2 | | | | | | | | | | NOT GUILTY (1) | GUILTY (3) | GUILTY W/REDUCTION (5) | ADJOURNED (7) | | |
| 3 | | | | | | | | | | NOT GUILTY (1) | GUILTY (3) | GUILTY W/REDUCTION (5) | ADJOURNED (7) | | |
| 4 | | | | | | | | | | NOT GUILTY (1) | GUILTY (3) | GUILTY W/REDUCTION (5) | ADJOURNED (7) | | |
| 5 | | | | | | | | | | NOT GUILTY (1) | GUILTY (3) | GUILTY W/REDUCTION (5) | ADJOURNED (7) | | |

DECISION(S): _Adjourned 30 days Respondent to submit photos of the end of the street by spate 182-06 89th Ave Photos obtained show the street identification signs and a view of the area — which shows both the address on summons and area opposite. Instructions given._

I HEREBY CERTIFY THAT THE DECISION(S) RECORDED ABOVE WERE BASED ON A HEARING CONDUCTED BY THE UNDERSIGNED AT THE PLACE, DATE AND TIME INDICATED HEREIN.

_Newton Pacht_
SIGNATURE

_Newton Pacht 7078_
PRINT NAME AND A.L.J.#

---

**PAYMENT MUST BE MADE WITHIN 7 DAYS.**
**YOU HAVE 30 DAYS TO APPEAL A GUILTY DETERMINATION.**
**RETAIN THIS RECORD OF YOUR HEARING FOR 8 YEARS AND 3 MONTHS. THIS IS NOT A PAYMENT RECEIPT.**

—— **SEE REVERSE SIDE FOR IMPORTANT INSTRUCTIONS** ——

April 27, 1999

Parking Violation Center
One Centre Street, Room 100 North
New York, NY 10007

                    Re:  Summons# 328588554-3
                         Vehicle Plate# G96-6UB

Dear Sir:

The undersigned is the registered owner of the above-referenced vehicle.

In accordance with  the attached directives  of Judge Newton Pacht, I am submitting hereto photographs evidencing and supporting my  contention that the issuance of the above summons was improper or illegal because there is *no driveway  opposite  182-06 89th Avenue* in Hollis, Queens, NY as stated in the summons.  Therefore, I am not guilty and not liable for any penalty. If, in any way I feel that I am guilty,  I should just paid the $25 dollar penalty rather than undergoing this tedious and time-consuming process which cost me even more than the $25. However, at stake is one's principle and rights which should not just be prostituted by capricious and overzealous officers.

Please review the case and furnish me the disposition of this case.

Thank you very much.


Yours truly,

Samuel  De Asis
224-02 92nd Avenue
Queens Village, NY 11428

RMINAL ID: OCHO

**PARKING VIOLATIONS BUREAU**
**NOTICE OF DETERMINATION**

TE ID: G756UB          STATE: NY TYPE: _P&S'          DLN: 0804990513160836
LATERAL PLATE ID: X971LW                    OWNER ID: NYA124871469690270576          HEARING DATE: 05/13/99
                                                                                    PAGE  001

DE ASIS SAMUEL
224-02 92ND AVENUE

QUEEN VILLAGE  NY 11428

SUMMONS        ISSUE
NUMBER         DATE      VC FIN+PN+INT-RED-PAY =   AMT
                                                   DUE      DISPOSITION                      JGMT
                                                                                             IND

05005543    02/26/99 98 25  0   0    0   0     25.00   GUILTY-BASE FINE ONLY

HEREBY CERTIFY THAT THE MATTER RECORDED ABOVE
FLECTS A HEARING CONDUCTED BY THE UNDERSIGNED
PROOF SUBMITTED BY THE RESPONDENT AND THAT
E SAID DETERMINATION WAS MADE BY ME BASED ON          SIGNATURE:
AT HEARING
E AMOUNTS REFLECTED ON THIS DOCUMENT MAY
T INCLUDE RECENT TRANSACTIONS WHICH HAVE
T YET BEEN APPLIED TO THE SYSTEM.            ADMIN.LAW
PLEASE RETAIN THIS RECORD OF YOUR HEARING *   JUDGE NAME:
HIS IS NOT A RECEIPT FOR PAYMENT OF FINE *
SEE ADDITIONAL SHEET FOR IMPORTANT INSTRUCTIONS *     NEWTON PACHT

^^^^^^^^^^^^^^^^^^^^^^^^^
                            END OF REPORT      *********OCHO*1609455**********

STATE/PLATE G 956UB Nof NUMBER OF EACH  SUMMONS 5543— this matter
NO.:                                            was adjourned for submission of
                                                photographic evidence. Despite
DISPO    REASON   AMOUNT                         specific instructions that photos
CODE     CODE     DUE                            must show street identification signs
NG-G-GR-A GDNC  25                              and the building-address on summons
                                                as the area opposite respondent has failed
NG-G-GR-A                                       to ALJ Signature (of it pay - Guilty  ALJ ID# H Pacht 1078

NG-G-GR-A

June 28, 1999

ATTACHMENT TO APPEAL APPLICATION

THE HONORABLE APPEAL BOARD
Parking Violation Bureau
210 Joralemon St., 9th Floor
Brooklyn, NY 11201

GREETINGS!

The undersigned unto this Honorable Board respectfully appeals the decision of Judge Newton Pacht's finding me guilty of parking laws violation for the following reasons:

1. *THE DECISION IS WHIMSICAL, CAPRICIOUS AND NOT BASED ON EVIDENCE.*

My failure to satisfy what the Judge wants to see in the pictures cannot alter the truth that there is *"no driveway opposite 182-06 89th Avenue"* in Queens as stated in the summons. One's failure to provide satisfactory evidence that the sun rises in the east does not mean the sun rises in the west. Similarly, my failure to satisfy the whims and caprices of a Judge through my failure to provide him pictures the way he wanted it to be, will mean that such driveway does exist. The spot in question is in the middle of the block and getting a close-up picture of the street name together with the house of reference is impossible unless one has special lenses. I am not a professional photographer but at least even a child who will look at the pictures (see Annexes A,B,C) will conclude beyond reasonable doubt the absence of such a "driveway". The Judge is already an old man, could hardly see and seems forgetful. (He did not put a date and time of hearing leaving me in quandary as to the reckoning date of the 30th day because of the absence of that basic information in his decision adjourning the case.)

During the hearing, I noticed that despite wearing eyeglasses, he has still having difficulty reading some entries in the summons. Instinctively, I tried helping by reading them for him. However, instead of thanking, he berated me and was told to "shut up" or something to that effect. My good faith and honest desire to help may have hurt his ego instead and earned his ire. His decision finding me guilty even if it is against the evidences may have some connections with what have transpired during the hearing. Now, my question is - is that a demeanor of a "judge"?

Opposite #182-06 89th Avenue, Jamaica, Queens is the Susan B. Anthony School (I.S. 238) and there are no driveways not only on said area but all throughout the school. I am willing to go through with the actual on-site inspection of the premises if necessary just for for the truth to prevail.

### 2. *INCOMPETENCY ON THE PART OF THE OFFICER WHO ISSUED THE SUMMONS.*

The officer who issued the summons and caused all these problems is one of reasons why the New York Finest's image is deteriorating rapidly. He should be sanctioned for being incompent and derelict in his duties. I wonder how he became an officer if he could not even distinguish an "apple from a banana." This case has already taken a toll on me in the form of anxiety, effort and time I spent just because of incompetency of an officer and corroborated by a forgetful old judge.

As a pre-requisite to filing this appeal, I already paid the fine as evidenced by the attached copy of the cancelled check. I am not very much concern about the amount. What bothers me is that if I will not appeal this decision, I am condoning a mockery of the TRUTH - the penultimate goal that every judicial system wants to unravel.

Wherefore, I am leaving this matter to the sound discretion of this Honorable Board and this time I hope TRUTH WILL PREVAIL.

Respectfully Submitted,

Samuel De Asis
224-02 92nd Avenue
Queens Village, NY 11428
Tel. (212) 788- 8689 (Daytime)

-2-



# FINANCE
# NEW • YORK
THE CITY OF NEW YORK
DEPARTMENT OF FINANCE

# EXHIBIT A-2

**PARKING VIOLATIONS • Appeals Board**

In the Matter of the Appeal of:

Samuel De Asis

224-02 92nd Avenue

Queens Village NY 11428

**Respondent-Appellant**

Appeal No. G9561LB    State NY

Number of Summonses _____1_____

See attached printout _____

## APPEALS BOARD DECISION

Re: Summons Number(s)

1. `3 2 8 5 8 8 5 5 4 3` — Affirmed — Affirmed/Reduction* ☒ Reversed* — New Hearing**

2. — Affirmed — Affirmed/Reduction* — Reversed* — New Hearing**

3. — Affirmed — Affirmed/Reduction* — Reversed* — New Hearing**

4. — Affirmed — Affirmed/Reduction* — Reversed* — New Hearing**

*/** See reverse side for Refund or New Hearing Information

The undersigned members of the Appeals Board of this Bureau, having heard and considered the Appeal as submitted by the above-named Respondent, do hereby decide and determine as above for the following reason(s):

## OPINION

1. WE FIND SIGNACE TO REVERSE BASED ON PICTURES SHOWING NO PARKING AT THIS CITED LOCATION.    Reason Code `CODE`

2. _____    Reason Code `| | | |`

3. _____    Reason Code `CODE`

4. _____    Reason Code `| | | |`

**DISSENTING OPINION**

**IN FAVOR OF THE MAJORITY OPINION**

Date: 7/2/99

New York, New York

PVO-2 (12/98)

**EXHIBIT 2-1**

Permit Displayed: No ☐ Yes ☐
Type

The City of New York
**Notice of Parking Violation**

Name of Operator, if present. If not present then OWNER OF THE VEHICLE BEARING LICENSE

| G | 9 | 5 | 6 | U | B | | | 3 | 5 | 0 | 0 |
|---|---|---|---|---|---|---|---|---|---|---|---|

DATE REGISTRATION EXPIRES
MO  DAY  YR

NY CT PA NJ MA FL Other
SEDAN VAN SUBN DELV Other

COLOR  8X96

**THE OPERATOR AND OWNER OF THE ABOVE VEHICLE ARE CHARGED AS FOLLOWS:**

AM ☒ Time 1:05 PM ☐   Date of Offense 5/12/07   Time 1st Obsv'd   Date 1st Obsv'd

Front of 88-30 182 Street  ☒ 107

| Code | Fine | | In Violation of Sect. 4-08 (subsect. below) of NYC Traffic Rules | Sign Restriction/ Other Information |
|---|---|---|---|---|
| 14 | ☐ $55 | ☐ $55 | No Standing (c) | Days In Effect: School |
| 16 | ☐ $55 | ☐ $55 | No Standing except trucks (c)(2) | days |
| 17 | ☐ $55 | ☐ $55 | No Standing except Auth. Vehicles (c)(4) | Hours In Effect "ALL", unless otherwise stated |
| 19 | ☐ $55 | ☐ $55 | No Standing Bus Stop (c)(3) | Fr: 7 AM/PM |
| 20 | ☒ $50 | ☐ $55 | No Parking (d) | To: 4 AM/PM |
| 21 | ☐ $35 | ☐ $55 | No Parking, SCR (d)(1) | Other Description/Rider: |
| 24 | ☐ $50 | ☐ $55 | No Parking except Auth. Vehicles (d)(5) | Executive |
| 34 | ☐ $25 | ☐ $55 | Expired Meter (h)(2) | Meter Operational ☐ Yes ☐ No |
| | | | Meter # | |
| 37 | ☐ $25 | ☐ $55 | Expired Muni-Meter (h)(10) | Time Limit   Hr.(s) |
| | ☐ $ | ☐ $ | Sub $ | |
| 40 | ☐ $55 | ☐ $55 | Fire Hydrant (e)(2) | Feet From: |
| 46 | ☐ $55 | ☐ $55 | Double Parking (f)(1) | |
| 50 | ☐ $55 | ☐ $55 | Crosswalk (e)(5) | |
| 51 | ☐ $55 | ☐ $55 | Sidewalk (e)(3) | |
| 70 | ☐ $55 | ☐ $55 | Registration Sticker (i)(5) | ☐ Missing |
| 71 | ☐ $55 | ☐ $55 | Inspection Sticker (i)(6) | ☐ Expired _____ ☐ Stkr # |
| 74 | ☐ $55 | ☐ $55 | Missing/improperly Displayed Plate (i)(2) | |

**SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

Rank/Signature of Complainant

Complainant's Name/Initials   B/S   103

9  4  7  4  6   NYPD

**SERVICE COPY**

© COPYRIGHT 1996, THE CITY OF NEW YORK

3373605733

SAMUEL DE ASIS
224-02 92nd Avenue
Queens Village, NY 11428
Tel. (718) 479-9468

================================================================

August 26, 1999

*NYC DEPARTMENT OF FINANCE*
*Parking Violation*
*P.O. Box 1724*
*New York, NY 10116-1724*

Re: Notice of Violation# 337380597-1
Issued in Hollis, Queens

Dear Sir/Madam

In connection with the above-referenced matter, the undersigned owner of the subject vehicle hereby plead "NOT GUILTY" to the violation charged and in support thereof, the following are respectfully averred for your consideration:

1. Although I admit having parked my vehicle in the area as stated in the notice which is intended for Board of Education only, nevertheless, the prohibition applies only during "school days" as correctly stated in the ticket. It is of public knowledge as well as judicial notice that last Friday, August 20, 1999 the schools are still closed and obviously not "school days" yet. I have been parking on the same area (whenever an space is available) for the past five years if the school is closed or during summer vacation but it was only on that fateful day that I was issued the ticket. There were no posted special notices that parking is prohibited on that particular date and therefore in good faith, I parked again.

2. There are a number of other vehicles parked on the same area without Board of Education card on the dashboards but my car was singled out.

3. The Officer's name and Tax Registry number are not legible or discernable. I tried to identify him by finding his/her name in the roster by combining all possible ciphers discernable from his/her scribbles including the Tax Registry Number but unable to do so because of its inherent impossibility. Maybe to avoid being identified and criticized for doing a sloppy job, he/she purposely did not print his/her name as required.

IN VIEW OF THE ABOVE, I am therefore requesting that this ticket be voided for having been issued illegally through abuse of discretion.

Thank you very much.

Sincerely yours,

Samuel De Asis
Tel.(212) 788-8689 (daytime)

EXHIBIT C-1

NOTICE OF PARKING VIOLATION

TO PLEAD NOT GUILTY AND REQUEST A HEARING

NYC Department of Finance
Parking Violations Operations

24 HOUR ASSISTANCE
LA LINEA DE AYUDA

www.nyc.gov/finance

PLEA FORM (PRINT CLEARLY)
I HEREBY PLEAD:   ☐ GUILTY   ☐ NOT GUILTY

NAME (PRINT)

ADDRESS                                    APT.

CITY                    STATE          ZIP

SIGNATURE                          DATE

In Re:  Parking Violation Citation Ticket# 748770005-7 (Queens County)

**Statement As To Why I Am Not Guilty:**

*First*: Contrary to the allegations of Traffic Enforcement Officer Maureen James, my car has a valid Inspection sticker clearly posted on its windshield. (A copy of which is hereto attached as Annexed "A") The officer lied and abused her authority and discretion when she issued the ticket citing "missing inspection sticker" as ground because said sticker which is valid up to the end of June is clearly posted on the windshield. In fact, I almost suffered a heart attack when I opened the ticket and saw the reason she cited because it was a big blatant LIE. Why should I'll remove the ticket in the first place? No sane person would remove his valid inspection ticket and risk paying an amount almost equal to a day's pay.

How could an NYPD officer do that? I don't know what motivated the officer but I suspect there is a connection here between the "public perception" that the police is indeed operating a "quota system" as regards issuance of Parking Tickets or citations.

*Second*: The place of occurrence (212 Street & 89th Avenue) is in Queens Village under the jurisdiction of the 105 Precinct. Officer James present command is Precinct 103 (see ticket) and I wonder why she is issuing tickets outside of her command. I surmised she lives in the area. I might have occupied somebody's parking spot and earned somebodys ire in the process.

This is not the first time I was victimized by this kind of an officer. Last time, I was issued a ticket for allegedly "blocking" a driveway at Susan B. Anthony School. The ticket was invalidated simply because there was no such a driveway in the spot where I parked nor in the whole of the school premises for that matter . The officer just issued the ticket on whim. At that time I did not able to get the name of the officer because he/she purposely wrote (they still do it manually at that time) his name and tax number in such a way that no one could ever read it. I planned to file a complaint against the officer but unable to do so because of the efforts I will spend to find out who the officer was. This time, I am contemplating of filing a complaint.

Therefore, I respectfully request that the above Ticket be voided for it was issued in violations of my rights and abuse of authority on the part of the issuing officer. Thank you very much.

SAMUEL S. DE ASIS
Vehicle Owner
224-02 92nd Avenue
Queens Village, NY 11428
Tels. 212-788-8689 (day)
    718-479-9468 (night)



*EXHIBIT C - 2*

Page 1 of 1



**FINANCE**
**NEW ● YORK**
THE CITY OF NEW YORK
DEPARTMENT OF FINANCE



3332799 1D D65A42 1A9

# DECISION AND ORDER

| | | | Plate Information | | |
|---|---|---|---|---|---|
| Name | **Respondent**<br>SAMUEL S DEASIS | | Plate ID:DGW8997 | State: NY | Type: PAS |
| Role | Respondent | | Owner ID: D050341280816487454 | | |
| Address | 22402 92ND AVE | | | | |
| | QUEENS VILLAGE, NY 11428 | | | | |

## NOTICE OF VIOLATION DECISION SUMMARY

Violation Number: 7487700057 Date Issued: 06/20/2006 Violation Code: 71
Disposition: 1 NOT GUILTY - HEARING Reason: IVDE
Fine: $65.00 Penalty: $0.00 Interest: $0.00 Reduction: $65.00 Paid: $0.00 Amount Due: $0.00

## VIOLATION DECISIONS:

Violation Number: 7487700057
The respondent has been charged with violating Traffic Rule 4-08(j)(6) by standing or parking a vehicle bearing New York plates that did not display a current inspection sticker or certificate in accordance with section 306(b) of the NYS Vehicle and Traffic Law.

Review of summons and respondent's statement, and copy NYS inspection sticker indicates vehicle displayed a valid NYS inspection sticker on summons date.

I hereby certify that the matter recorded above reflects a hearing conducted by the undersigned Administrative Law Judge (ALJ) on proof submitted by the Respondent and the City of New York, and that said determination was made by me based on that hearing.

ALJ Name: Susan H Schindler

ALJ Signature:

Date: 08/31/2006

Thu Aug 2006 08/31/06 15:71:05

Control T13

## Payment Instructions and Additional Information

**Total Amount Due: $0.00\***

Payment of non-judgment summonses must be made within thirty (30) days. Summonses in judgment must be paid immediately. You have thirty (30) days to appeal a guilty determination. The amounts reflected on this document may not include recent transactions, which have not yet been applied to the system.

\*Total amount due applies to the current date. Interest will continue to accrue on judgment summonses from the date of this decision. Amounts Due does not reflect prior payments.

Retain this record of your hearing for 8 years and 3 months. This is not a receipt for payment of fine.

Please send PAYMENTS ONLY to the below address:
THE CITY OF NEW YORK ● DEPARTMENT OF FINANCE
PARKING VIOLATIONS OPERATIONS ● PECK SLIP STATION ● PO BOX 2030 ● NEW YORK ● NY 10272-2127
WORLD WIDE WEB PAGE: http://nyc.gov/finance
If you have questions, call 311 (24 hours/7 days a week). If you are outside of New York City, call (212) NEW-YORK. For TTY service for the hearing impaired, call (212) 504-4115.

ps-1 (6/01)

Initial / Date: _____

3332799



**New York City**
**Department of Finance**
**ADJUDICATION DIVISION**

*EXHIBIT D*

Page 1

#BWNCXPZ ******* SCH 3-DIGIT 110
#1 NY PAS DGW8997//9#        HBMS
SAMUEL S DEASIS
22402 92ND AVE
QUEENS VILLAGE NY 11428-1449

JULY 26, 2006

IF ACCEPTING REDUCED FINE
RESPOND BY: 08/25/06

Dear SAMUEL S DEASIS:

We received your request for a hearing by mail on the summons shown below.

Based on the violation described, we are offering you the opportunity to pay a reduced fine in the amount shown. If you accept this reduction offer, RETURN THE COUPON with your payment by the due date above. If you pay the reduced fine, a judge will not review your case.

| | | |
|---|---|---|
| SUMMONS NUMBER: 7487700057 | VIOLATION CODE: 71 | DESCRIPTION: EXP/MSG INSP ST |
| ORIGINAL AMOUNT DUE:    $65.00 | REDUCED AMOUNT DUE:    $43.00 | |

Alternatively, if you do not wish to accept this reduction offer and want an Administrative Law Judge to review your case, YOU DO NOT HAVE TO DO ANYTHING. You will either be found guilty and you will have to pay the full balance or the summons will be dismissed and you will not have to pay anything. The Administrative Law Judge will not be able to offer you a reduction. A decision will be mailed to you after a judge decides your case.

**PAYMENT INSTRUCTIONS IF ACCEPTING REDUCED FINE:**

**BY MAIL:** Please follow the instructions below and USE THE PAYMENT COUPON. Send check or money order only. DO NOT SEND CASH.

**BY PHONE, ON THE INTERNET OR IN PERSON** and for additional information, please see next page.

---

## PAYMENT COUPON - HBMS

- Make your check or money order payable to the NYC Department of Finance. Do NOT mail cash.
- Payment MUST be made in U.S. Dollars drawn on a U.S. Financial Institution.
- Write on the front of your check or money order:
  - Notice Number
- Insert this tear-off coupon in the enclosed envelope and make sure that the City's address can be seen through the envelope window.

NYC DEPARTMENT OF FINANCE
PARKING VIOLATIONS ADJUDICATIONS
PECK SLIP STATION
PO BOX 2023
NEW YORK NY 10272-2023



F 0 3 3 3 2 3 3 4 1 0 0 0 0 4 3 0 0 2 0 0 3 8

| NOTICE NO. | PLATE | STATE | TYPE |
|---|---|---|---|
| F033323341 | DGW8997 | NY | PAS |

| SUMMONS NO. | | REDUCED AMOUNT DUE |
|---|---|---|
| 7487700057 | | 43.00 |

HBMS RC 2003