UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
SAMUAL DE ASIS, *pro se*,          :
                                    :
     -against-           :   **MEMORANDUM AND ORDER**
                                    :   07-CV-3904 (DLI) (LB)
NEW YORK CITY POLICE                :
DEPARTMENT, *et al.*,               :
                                    :
     Defendants.         :
-------------------------------------------------------- x
**DORA L. IRIZARRY, United States District Judge:**

Plaintiff filed the instant action against Defendants alleging various constitutional and statutory federal claims, as well as state law claims, arising out of the issuance and resolution of three parking tickets. Defendants filed the instant motion seeking dismissal, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief may be granted. Plaintiff opposed the motion. For the reasons set forth more fully below, defendants' motion is granted.

## BACKGROUND

The following facts are undisputed and taken from the complaint and its attachments unless otherwise noted. Defendant New York State Parking Violations Bureau ("PVB") issued plaintiff three parking tickets. PVB issued the first ticket on February 26, 1999, the second on August 20, 1999, and the third on June 20, 2006. After plaintiff participated in administrative procedures, PVB dismissed each ticket. On November 27, 2006, plaintiff filed a Notice of Claim with the Office of the Comptroller for the City of New York ("Comptroller") seeking damages in the amount of two hundred-fifty thousand dollars for economic and psychological injuries. (*See* Compl., Ex. A.) The Comptroller dismissed plaintiff's claim on April 20, 2007.

1

(*Id*.) Plaintiff filed the instant action on September 18, 2007, against the New York City Police Department, Department of Finance, and PVB, and Maureen Brown, John Doe 1, and John Doe 2 (collectively, the "Defendants"). Plaintiff alleges claims under (i) the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution, (ii) 42 U.S.C. §§ 1981, 1983, 1985, and 1986, and (iii) state common law.

## DISCUSSION

**I.  Standard of Review**

Rule 12(b)(6) of the Federal Rules of Civil Procedure states that a defendant may move, in lieu of an answer, for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). On a motion to dismiss, the court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *See Dangler v. New York City Off Track Betting Corp.*, 193 F.3d 130, 138 (2d Cir. 1999). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court retired the standard set forth half a century ago in *Conley v. Gibson*, that a complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," in favor of the requirement that plaintiff plead enough facts to "state a claim to relief that is plausible on its face." *Bell Atlantic*, 127 S. Ct. 1955, 1968-69, 1974 (2007) (quoting *Conley*, 355 U.S. 41, 45-46 (1957)). To be facially plausible, a complaint cannot make merely "a formulaic recitation of the elements of a cause of action," but must allege facts that "raise a right of relief above the speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic*, 127 S. Ct. at 1964-65 (citations omitted). The Second Circuit interpreted *Bell Atlantic* to "requir[e] a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such

2

amplification is needed to render the claim *plausible*," rather than to mandate a "universal standard of heightened fact pleading." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007).

When material outside the complaint is "presented to and not excluded by the court, the motion must be treated as one for summary judgment . . . and all parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). For the purposes of this rule, the complaint is deemed to include writings and documents attached to it, referenced in it, or integral to it. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002); Fed. R. Civ. P. 10(c). A document is "integral" to the complaint if "the complaint relies heavily upon its terms and effects." *Chambers*, 282 F.3d at 153 (citations omitted). "A plaintiff's *reliance* on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough." *Id*. (emphasis in original).

Plaintiffs are harmed when material outside a complaint is considered on a motion to dismiss as they lack notice that such consideration is occurring. *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 155 (2d Cir. 2006). Rule 12(d)'s conversion requirement remedies this problem by "deter[ring] trial courts from engaging in fact finding when ruling on a motion to dismiss and ensur[ing] that when a trial judge considers evidence dehors the complaint, a plaintiff will have an opportunity to contest defendant's relied-upon evidence by submitting material that controverts it." *Id*. Accordingly, when there is actual notice by the opposing party of all the information in the movant's papers, the necessity to convert a motion to dismiss to one for summary judgment is largely dissipated. *Chambers*, 282 F.3d at 153.

## II.     Application

The complaints of *pro se* plaintiffs must be read liberally and interpreted as raising the strongest arguments they suggest. *See, e.g.*, *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004) (citing *Weinstein v. Albright*, 261 F.3d 127, 132 (2d Cir. 2001)). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this court must grant leave to amend. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citing *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999). The instant *pro se* action will be evaluated under this standard.

### A.     Timeliness

As a threshold matter, to survive a motion to dismiss, claims must be timely when filed. The statute of limitations under Section 1986 is one year. *See* 42 U.S.C. § 1986 ("[N]o action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued."). Claims arising under this statute are considered timely when filed within one year of the alleged unlawful conduct. Plaintiff filed his complaint on September 18, 2007. The only conduct relevant to resolution of plaintiff's Section 1986 claim is conduct that occurred on or after September 18, 2006. As set forth in the complaint, the alleged unlawful conduct that occurred during that period is the Comptroller's dismissal of plaintiff's administrative complaint, which the Comptroller issued on April 20, 2007. None of the other alleged unlawful conduct will be considered in evaluating the merits of plaintiff's Section 1986 claim.

Sections 1981, 1983, and 1985 have no express statutes of limitation. The timeliness of claims arising under these statutes is the most appropriate one provided by state law—three years in this district. *See Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d. Cir. 2004) ("The

statute of limitations applicable to claims brought under §§ 1981 and 1983 in New York is three years."); *Rodriguez v. Hynes*, 1995 WL 350042, *6 (E.D.N.Y. Jun. 8, 1995) ("Charges of conspiracy to commit civil rights violations under 42 U.S.C. section 1985 are governed by the forum state's general personal injury statute of limitations, which in New York is three years."). The only conduct relevant to resolution of plaintiff's claims under Sections 1981, 1983, and 1985 is conduct that occurred on or after September 18, 2004. This conduct is limited to the issuance and resolution of plaintiff's third ticket, issued on June 20, 2006, and the Comptroller's dismissal of plaintiff's administrative complaint, issued on April 20, 2007.

### B. Failure to State a Claim

#### 1. Civil Rights Claims

##### a. § 1981

Under Section 1981, all persons shall have the same right "to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings . . . ." 42 U.S.C. § 1981(a). To state a claim, a plaintiff must allege "'(1) [membership in] a racial minority; (2) defendants' intent to discriminate on the basis of race; and (3) discrimination concerning one of the statute's enumerated activities.'" *Pierre v. J.C. Penney Co.*, 340 F. Supp. 2d 308, 310 (E.D.N.Y. 2004) (quoting *Brown v. City of Oneonta*, 221 F.3d 329, 339 (2d Cir. 1999)). Plaintiff makes no allegations regarding his own race or that defendants intended to discriminate against him on the basis of race. Further, the issuance and resolution of a single parking ticket, along with a subsequent unsuccessful appeal to the Comptroller does not rise to the level of a violation under Section 1981. *Cf. Farkas v. New York*, 409 N.Y.S.2d 696, 699 (N.Y. Ct. Cl. 1978) (holding that a traffic ticket is neither "process" nor a "criminal proceeding"). The court dismisses Plaintiff's Section 1981 claim with prejudice.

### b. § 1983

Under Section 1983, every person who under the color of law "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C.S. § 1983. To state a claim, plaintiffs must allege "that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). There are several claims that can be brought under Section 1983, including abuse of process, malicious prosecution, and negligence.

A plaintiff establishes abuse of process by showing: "(1) a regularly issued process, either civil or criminal, initiated by the defendant; (2) the defendant's intent to do harm without excuse or justification; and (3) the defendant's use of the process after its issuance in a perverted manner to obtain a collateral objective." *Goldman v. Walder*, 95-CV-4542 (JG), 1996 WL 1088909, *2 (E.D.N.Y. May 29, 1996) (citing *Curiano v. Suozzi*, 63 N.Y. 113, 116 (1984)). The issuance of a parking ticket does not constitute regularly issued process. *See Farkas*, 409 N.Y.S.2d at 699 (N.Y. Ct. Cl. 1978) (holding that a traffic ticket, by its very nature, is not considered process). Plaintiff's one ticket does not rise to the level of process and the Comptroller's denial is irrelevant to resolution of this claim as it did not involve the initiation of a proceeding against plaintiff. To the extent that plaintiff's Section 1983 claim is premised on this theory, the claim is dismissed with prejudice.

A plaintiff establishes malicious prosecution by showing: "(1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff; (2) the termination of the proceeding in favor of the accused; (3) the absence of probable cause for the criminal

6

proceeding; and (4) actual malice." *Kinzer v. Jackson*, 316 F.3d 139, 143 (2d Cir. 2003). Plaintiff's parking ticket is not a criminal proceeding, *see* N.Y. Veh. & Traf. § 155 (2008) ("A traffic infraction is not a crime and the punishment imposed therefor shall not be deemed for any purpose a penal or criminal punishment . . . ."); and the Comptroller's denial is irrelevant as the denial resulted from plaintiff's commencement of a proceeding. To the extent that plaintiff's Section 1983 claim is premised on this theory, the claim is dismissed with prejudice.

A plaintiff establishes negligence by showing: (1) that the defendant owed the plaintiff a cognizable duty of care; (2) that the defendant breached that duty; and (3) that the plaintiff suffered damages as a proximate result of that breach." *Riccio v. United States*, 03-CV-859 (JMA), 2007 WL 1577827, *5 (E.D.N.Y. May 29, 2007) (citing *King v. Crossland Sav. Bank*, 111 F.3d 251, 259 (2d Cir. 1997)). Plaintiff cannot establish that defendants owed him a duty as the PVB and the Comptroller performed public duties when they interacted with plaintiff. *Lauer v. City of New York*, 95 N.Y. 95, 116 (2000) ("To sustain liability against a municipality, the duty breached must be more than that owed the public generally."). To the extent that plaintiff's Section 1983 claim is premised on this theory, the claim is dismissed with prejudice.

### c. § 1985

Section 1985 prohibits conspiracies "undertaken 'for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges or immunities under the laws.'" 42 U.S.C. § 1985(3). To state a claim under Section 1985(3), a plaintiff must allege:

> (1) a conspiracy (2) for the purpose of depriving a person or class of persons of the equal protection of the laws, or the equal privileges and immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of a right or privilege of a citizen of the United States.

7

*Traggis v. St. Barbara's Greek Orth. Church*, 851 F.2d 584, 586-87 (2d Cir. 1988) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971)). Such claims are held to heightened pleading standards. *See Julian v. New York City Transit Auth.*, 857 F. Supp. 242, 252 (E.D.N.Y. 1994) (dismissing a conspiracy claim). "To plead conspiracy, a complaint must allege specific facts suggesting that there was a mutual understanding among the conspirators to take actions directed toward an unconstitutional end." *Id.*; *accord Hudson v. Lockhart*, - - - F. Supp. 2d - - -, 07-CV-7003, 2008 WL 2073922, *3 (S.D.N.Y. May 12, 2008) (dismissing plaintiff's § 1985 claim as plaintiff failed to "satisfy the minimum pleading standard demonstrating that Defendants acted in concert or with discriminatory animus based on [plaintiff's] membership in a protected class"). Plaintiff's conclusory statements regarding a conspiracy between defendants fail to meet the heightened pleading required. Moreover, plaintiff failed to allege that he is a member of a protected class and that the defendants conspired against him for this reason. This claim is dismissed with prejudice.

### d. § 1986

Under Section 1986, "every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in Section 1985 are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured for all damages, which such person by reasonable diligence could have prevented." 42 U.S.C. § 1986. A claim brought under § 1986 "must be predicated upon a valid § 1985 claim." *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993). As set forth above, plaintiff's Section 1985 claim is dismissed with prejudice. Accordingly, plaintiff's Section 1986 claim is

8

dismissed with prejudice as well.

### 2. Due Process Claims

To sustain an action for deprivation of property without due process of law, a plaintiff must "first identify a property right, second show that the state has deprived him of that right, and third show that the deprivation was effected without due process." *All Aire Conditioning, Inc. v. City of New York,* 979 F. Supp. 1010, 1015 (S.D.N.Y. 1997) (citing *Local 342 v. Town of Huntington*, 31 F.3d 1191, 1194 (2d Cir. 1994)). The court construes the complaint as alleging a property right in the time plaintiff invested litigating the three parking tickets issued to him that were ultimately resolved in his favor (Compl. ¶ 1); however, there is no such property right recognized by courts. *See, e.g.*, *All Aire*, 979 F. Supp. at 1015 (granting summary judgment in defendant's favor and noting that there is no right to protection from "the loss of time and resources involved in contesting a parking ticket"). Plaintiff's due process claims are dismissed with prejudice.

### 3. State Law Claims

As Plaintiff's federal claims do not survive the DOE's motion for judgment on the pleadings, the court declines to exercise supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c)(3).

### 4. Leave to Replead

Ordinarily, courts should grant leave to *pro se* plaintiffs, at least once, to amend their complaints. If repleading would be futile; however, courts should refrain from granting leave to amend. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (denying leave to amend). In light of the infirmities of the complaint, the court declines to grant leave to amend. The court must conserve its time and resources, which are more properly devoted to legitimate litigants and

their claims.

## CONCLUSION

Defendants' motion to dismiss is granted in its entirety.

SO ORDERED

DATED:   Brooklyn, New York
         August 18, 2008

$$_____/s/_____$$
Dora L. Irizarry
United States District Judge